FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 JUN 13 AM 10: 40

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

**UNITED STATES DISTRICT COURT**
**COLORADO DIVISION**

TODD RINALDI,

                  Petitioner,

                              No._____

  v.

INTERACTIVE BROKERS LLC,

                  Respondents.

**'17 - CV - 01434**

## PETITION TO VACATE ARBITRATION AWARD

Pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., Petitioner Todd

Rinaldi moves to vacate the arbitration award issued in Interactive Brokers LLC (IB) v. Todd Rinaldi,

FINRA Case No. 16-000394, and in support states as follows: [1]

### THE PARTIES

1.  Petitioner Todd Rinaldi who resides in Denver County, Colorado and thus is a citizen of the

state of Colorado.


2. Respondents Interactive Brokers LLC ("Claimant") is Headquartered at One Pickwick Plaza,

Greenwich, CT

---

[1]The Petitioner reserves the right to amend this petition and file further supporting declarations and a
memorandum in support of this petition within 14 days of receipt of the complete transcripts of the
arbitration hearing.  The petitioner has requested those transcripts.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this petition pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different States and the amount in controversy, exclusive of interest and costs is greater than $75,000, and pursuant to 9 U.S.C. § 10.

4. This Court has jurisdiction over IB because they received an arbitration award pursuant to an arbitration proceeding that took place in Denver, Colorado.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(1) and (c).

## INTRODUCTION

6. On November 16, 2015, Petitioner incurred a deficit of approximately $563,000 with IB through margined trading in a pharmaceutical stock, Clovis Oncology.

7. On February 9, 2016, IB filed the instant action.

8. On July 18, 2016, the FINRA set the hearing dates for May 9-11, 2017

9. On March 19 2017 the Petitioners lawyers withdrew from representing him at the arbitration hearing thus leaving the petitioner essentially Pro-Se.

10. On April 24th the petitioner had right reconstructive shoulder surgery as the result of an accident that occurred two weeks prior to that date.

11. On April 25, 2017 the petitioner filed a motion to continue so that he could familiarize

himself with the details of the case and governing arbitration rules. The petitioner also raised the fact that he had major reconstructive shoulder surgery as well.

12. On April 27th the Arbitration panel denied the petitioners request to continue and gave no reason for doing so in error.

13. Petitioner was the target of an SEC investigation into insider trading (involving a stock unrelated to the instant matter). The SEC notified the petitioner that it had made a preliminary determination to file an enforcement action against him, and issued Wells Notice to the petitioner on December 9, 2016.

14. On May 8 2017 the petitioner received a letter from the SEC indicating they had decided not to recommend an enforcement action by the commission.

### The Arbitration Hearing

15. During the arbitration hearing the Respondent IB made biasing statements to the arbitration panel that the petitioner was the subject of a Wells Notice issued against him even though IB was aware that the commission had decided not to take any action against him before the hearing. (exhibit 1)

16. The Respondent argued that it was all but a certainty that the Petitioner would be convicted of insider trading.

17. When the Petitioner tried to address this declaration from the respondent, he was abruptly cut off by the respondent. The arbitration panel did nothing to address this. Insider trading had nothing to do with the arbitration proceeding.

### GROUNDS RELIED ON FOR VACATUR OF AWARD

**A.    Vacatur Is Also Warranted Under Section 10(a)(3) Due To Misconduct On The Part Of The Arbitrators That Prejudiced The Rights Of the Petitioner**

18. The FINRA arbitration award entered against the petitioner should be vacated under Section 10(a)(3) because "arbitrators were guilty of misconduct … in refusing to hear evidence pertinent and material to the controversy [and] other misbehavior … by which the rights of the petitioner were prejudiced." 9 U.S.C. § 10(a)(3).

19. Although "[i]n making evidentiary determinations, arbitrators are not required to follow all the niceties observed by the federal courts, … they must give the parties a fundamentally fair hearing." *Rosensweig v. Morgan Stanley & Co., Inc.*, 494 F.3d 1328, 1333 (11th Cir. 2007) (internal quotations and citations omitted). Accordingly, vacatur under Section 10(a)(3) is warranted where the arbitrators rendered fundamentally unfair evidentiary or procedural rulings that harmed the challenging party. *Id.* at 1336; *see also Gulf Coast Indus. Workers Union v. Exxon Co., USA*, 70 F.3d 847, 850 (5th Cir. 1995) (exclusion of evidence made arbitration proceedings "fundamentally unfair"); *Hoteles Condado Beach, La Concha and Convention Ctr. v. Union De Tronquistas Local 901*, 763 F.2d 34, 40 (1st Cir. 1985) (holding that vacatur of arbitration award was warranted where "evidence effectively excluded by the

arbitrator was both 'central and decisive' to [a party's] position [and] therefore, the arbitrator's

refusal to consider this evidence was … destructive of [a party's] right to present [its] case").

20. The rulings outlined in paragraphs above provide ample reason to conclude that the

arbitration award against the petitioner was the result of a fundamentally unfair

hearing.

## NOTICE OF PROCEEDINGS

21. Under 9 U.S.C. §12, this Petition was served on the respondent's attorney within

three months after the arbitration panel issued the award.

22. Service on Claimants' attorneys will be made as provided by statute in the same

fashion as provided by law as a notice of motion in an action in this Court.

## **PRAYER FOR RELIEF**

23. The Petitioner respectfully requests that the Court enter an order:

      a.    Staying the enforcement of the award until the resolution of this Petition;

      b.    Vacating the award; and

      c.    Granting such other relief as the Court deems proper.

Dated:  June 10, 2017                 Respectfully submitted,

Todd Rinaldi
3509 Quivas Street
Denver, CO 80211
Telephone:  (303) 809-0674
Facsimile: (303) 942-3455
rxfser@gmail.com

## **Certificate of Service**

I hereby certify that on this 10th of June, 2017, a true and correct copy of the

foregoing was filed with the Court, and served by email and US mail on:

Darrell G. Waas, #1003
WAAS Campbell Rivera Johnson & Velasquez LLP
1350 17th Street, Suite 450
Denver, CO80202
Telephone: 720-351-4700
Facsimile: 720-351-4745
was@wcrlegal.com